**Bernetta HILBUN, Plaintiff-Appellee,**

v.

**David J. GOLDBERG,
Defendant-Appellant.**

**No. 86–3500.**

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1987.

DeRussy, Bezou, Matthews & Soloman, Jacques F. Bezou, New Orleans, La., for defendant-appellant.

Redmann & Fonte, Kenneth C. Fonte, Metairie, La., for plaintiff-appellee.

Before RUBIN, GARZA, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An auctioneer and onetime vice-president of an auction house appeals a jury verdict of tortious conversion, claiming that under Louisiana law, which governs the action against him, the cause of action had prescribed before the suit was filed. We find that, when an earlier action was dismissed under Fed.R.Civ.P. 41(b) for failure to prosecute it, the interruption of prescription effected by filing the action was annulled, so that prescription ran without interruption from the date of the occurrence on which the cause of action was based. We therefore reverse, holding that under Louisiana law the plaintiff's cause of action had prescribed at the time she filed the complaint in this suit.

In March 1984 Bernetta Hilbun's daughter, Janet Rosa, brought a station wagon load of antiques and collectibles to Morton's Auction Exchange in New Orleans for sale at auction. At her request, David Goldberg, who was at that time a vice-president of and an auctioneer at Morton's, visited Hilbun's home in Laurel, Mississippi, to evaluate other similar items for possible inclusion in the auction on a consignment basis. Many of these items were subsequently transported to New Orleans and sold by Morton's at auction in late March.

At trial the jury found that Goldberg had orally agreed that reserve prices would be assigned to the articles offered for sale, and that they would not be sold if the bids did not reach those prices. Nevertheless, at the auction itself Goldberg sold all but one of the items for less than what Hilbun testified should have been the reserve price. In early June 1984, prior to expiration of the sixty banking-day period allowed in the auction contract for payment of the proceeds, Morton's filed for bankruptcy under Chapter 7. Consequently, Hilbun has received nothing from the sale.

In July 1984 Hilbun filed a complaint against Goldberg personally in the United

States District Court for the Eastern District of Louisiana. The complaint alleged a breach of contract for selling goods below the price specified and sought damages. Hilbun took no further action, and, on March 27, 1985, the district court dismissed the suit without prejudice for failure to prosecute under Fed.R.Civ.P. 41(b).

Although Hilbun contends that her suit was not prosecuted because she was unable to serve Goldberg with process, she did not move to vacate the order of dismissal. Instead, on May 8, 1985, she filed a new complaint against Goldberg claiming damages for tortious conversion of personal property through misrepresentation. Before filing an answer, Goldberg moved to dismiss the complaint on the ground that on the face of the complaint plaintiff's cause of action was prescribed under Article 3492 of the Louisiana Civil Code, which provides for liberative prescription of delictual actions after a period of one year.[1] The trial judge denied this motion with leave to re-urge it at the trial itself. The case was tried in April 1986, and the jury entered a verdict for Hilbun. On appeal, Goldberg argues that Hilbun's cause of action in tort had prescribed at the time she filed her complaint in the second suit, and that the facts as found do not constitute the tort of conversion.

Each of Hilbun's complaints was based on state causes of action, and Louisiana prescription law applies.[2] Under La.Civ. Code Ann. art. 3463, Hilbun's first complaint, in July 1984, interrupted the running of prescription for her cause of action in contract.[3] We must decide what effect the dismissal of that action under Fed.R. Civ.P. 41(b) for failure to prosecute has on the viability of Hilbun's second complaint for tortious conversion.

Fed.R.Civ.P. 41(b) empowers the federal courts to dismiss, *sua sponte*, actions for failure to prosecute.[4] A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had ever been filed.[5] Neither the Louisiana nor the federal courts have ruled on the precise question raised by our case, whether in a diversity-jurisdiction case that requires the application of Louisiana law the same principle applies. We are to decide this question as we believe the Louisiana courts would if they were to address it.[6] While we recognize that the Louisiana Supreme Court decided, in *Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc.*,[7] that a plaintiff's voluntary dismissal of an action after the parties have been joined does not annul interruption of prescription, that decision found that the defendant, by failing to demand that the plaintiff's voluntary dismissal in open court on the eve of trial be entered with prejudice, had in effect waived the prescription defense.

Hilbun would have us decide that, since Louisiana courts lack the power to enter, *sua sponte*, involuntary dismissals for mere failure to prosecute, Article 3463

---

1. La.Civ. Code Ann. art. 3492 (West Supp.1987) provides: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

2. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir.1983).

3. La.Civ. Code Ann. art. 3463 (West Supp.1987) provides:
   An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.

4. *Link v. Wabash Railroad Company*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

5. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir.1985); *Ford v. Sharp*, 758 F.2d 1018, 1023–24 (5th Cir.1985); *Owens v. Weingarten's, Inc.*, 442 F.Supp. 497, 498 (W.D.La.1977).

6. *Powell, Inc. v. Abney*, 669 F.2d 348, 349 (5th Cir.1982); *Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 926 (5th Cir.1980), *cert. denied*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981).

7. 419 So.2d 878, 880–81 (La.1982).

should be read narrowly to provide for annulment of interruption of prescription only under its enumerated conditions: "if the plaintiff abandons [after five years, under Louisiana Code of Civil Procedure Article 561], voluntarily dismisses, or fails to prosecute the suit *at the trial*."[8] If, however, Louisiana courts had the broad procedural power given federal courts, we believe that exercise of this power would lead to the same consequences as an abandonment under Article 3463: The legal result would be the same as if no suit had ever been filed. There would be no interruption of prescription, and no adjudication on the merits. The fact that, under Article 561, an order of dismissal may be entered only upon party application and only after the passage of five years does not defeat the analogy; federal courts are privileged to establish their own procedural rules for control of their dockets for actions heard in diversity.[9] The plaintiff who wishes to show cause why an action should not be dismissed for failure to prosecute may appear at the call docket to do so; afterwards, he can move to vacate the order of dismissal. According to the record, Hilbun did neither.

■ Hilbun urges that by filing a proof of claim in bankruptcy against Morton's Auction Exchange she interrupted prescription against Goldberg on the basis that he was a solidary obligor. The premise is incorrect: Goldberg was not a solidary obligor for the claim filed in bankruptcy. That proof of claim was for the net proceeds of the sale of her chattels at auction, a different obligation from that claimed of Goldberg. In addition, under Louisiana law, it is not sufficient to claim solidary obligation; it must be proved.[10]

■ Goldberg did not waive his right to assert the affirmative defense of prescription by his failure to raise it at the trial itself. The facts establishing that Hilbun's cause of action had prescribed were apparent on the face of the complaint itself, and there was no dispute of fact about when the cause of action arose. Consequently, Goldberg could raise the defense of prescription through a motion to dismiss, filed prior to his answer. Such a motion is to be treated as a motion for summary judgment.[11] Questions of law on the interruption of prescription should have been addressed at the hearing on the motion for dismissal or for summary judgment; they were not for the jury to decide. The denial of the motion to dismiss on grounds of prescription was an interlocutory ruling, not appealable before final judgment. Hence that defense is properly before this court on appeal.

■ Even if the prior contract-based suit would have interrupted prescription on the present conversion claim, had it not been dismissed, its dismissal erases its effect, and Hilbun's claim is, therefore, prescribed.

For these reasons, we REVERSE, and enter judgment for the defendant.

**8.** Emphasis added. La. Code Civ. Proc. Ann. art. 561 (West Supp.1987) provides:

A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.... This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

**9.** *See Wright v. Lumbermen's Mutual Casualty Company,* 242 F.2d 1 (5th Cir.), *cert. denied,* 354 U.S. 939, 77 S.Ct. 1397, 1 L.Ed.2d 1536 (1957).

**10.** *Cox v. Shreveport Packing Co.,* 213 La. 53, 34 So.2d 373 (1948).

**11.** *London v. Coopers & Lybrand,* 644 F.2d 811, 816, (9th Cir.1981); *Jablon v. Dean Witter,* 614 F.2d 677, 682 (9th Cir.1980); 2A *Moore's Federal Practice* ¶ 12.10 (1979 ed.); 5 Wright & Miller *Federal Practice and Procedure* § 1357.