Wanda Lee **COOPER**, Plaintiff,

v.

**CHAIRMAN OF the BOARD OF DIRECTORS OF the FEDERAL DEPOSIT INSURANCE CORPORATION,** Defendant.

**Civ. No. 88–2015 HL.**

United States District Court,
D. Puerto Rico.

June 21, 1989.

José Ramón Franco Rívera, San Juan, P.R., for plaintiff.

Robert S. Cessar, Federal Deposit Ins. Corp., Washington, D.C., and Fidel A. Sevillano del Río, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Pending before the Court is defendant's unopposed motion to dismiss or motion for summary judgment. We grant grant the motion and dismiss this action.

Plaintiff Wanda Lee Cooper, a former employee of defendant, Federal Deposit Insurance Corporation, seeks money damages against defendant for alleged acts of sexual discrimination. Defendant argues that the statute of limitations for asserting this action has expired and that plaintiff has failed to timely file an administrative complaint.

Plaintiff received her "right to sue" letter from the Office of Equal Employment Opportunity on May 2, 1988. The letter clearly states the applicable time period— 30 days—in which to file a discrimination claim in federal court. She filed her original complaint, Civ. No. 88–933 (JP) on June 2, 1988, however, thirty-one days after receiving the notice. Then, since plaintiff had failed to serve the United States within 120 days of the filing of the complaint pursuant to Fed.R.Civ.Proc. 4(j), the Court entered judgment dismissing the complaint without prejudice on October 26, 1988. Plaintiff then filed the instant action on December 12, 1988, 224 days *after* receiving the notice and 47 days *after* dismissal of the first complaint.

■] We find that the complaint was not filed within the thirty day statutory filing period of Title VII, 42 U.S.C. sec. 2000e–16(c). This complaint was filed 224 days after plaintiff received her right to sue letter. The dismissal of the first complaint without prejudice did not toll the statutory period; in the absence of a statute to the contrary, a dismissal without prejudice leaves the parties in the same position as if the suit had never been filed. *HILBUN v. GOLDBERG*, 823 F.2d 881 (5th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1228, 99 L.Ed.2d 427 (1988); *WILSON v. GRUMMAN OHIO CORP.*, 815 F.2d 26 (6th Cir. 1987); 5 Moore's Federal Practice, para. 41.05[2]. In other words, an action that is dismissed without prejudice usually does not affect a statute of limitations period.

■ In addition, we note that the original action could not have tolled the thirty day statutory period because that action was also untimely filed. Plaintiff had commenced the first action thirty-one days after receipt of the right to sue letter, that is one day late. Since the first suit was untimely filed, any other suit filed subsequently would also be prescribed. Accordingly, plaintiff's claim against defendant had run out a long time ago.

WHEREFORE, defendant's motion to dismiss or for summary judgment is hereby GRANTED.

IT IS SO ORDERED.