United States Court of Appeals,

Fifth Circuit.

No. 94-30440

Summary Calendar.

Lisa H. HAWKINS, Individually and as Natural Tutrix of rpi Jammie K. Hawkins, rpi Latoya F. Hawkins, rpi Johnnie V. Hawkins, and Richard Hawkins, Plaintiffs-Appellants,

v.

Tom E. McHUGH, Individually and in his official capacity as Mayor of the City of Baton Rouge, Wayne Rogillio, Individually and in his capacity as former Chief of Police of the Baton Rouge Police Department, Sergeant K. Clark, Individually and in his capacity as a member of the Baton Rouge Police Department, and the City of Baton Rouge, La., Defendants-Appellees.

Feb. 23, 1995.

Appeal from the United States District Court for the Middle District of Louisiana.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

The issue in this case is whether, in an action brought pursuant to 42 U.S.C. § 1983 where the applicable statute of limitations is borrowed from Louisiana law, the filing of a complaint which is later dismissed because it was not served upon the defendant within the 120 days allowed by the former FED.R.CIV. P. 4(j)[1] interrupts the prescriptive period and tolls prescription.

---

[1]Rule 4 was extensively revised in the 1993 Amendments to the Federal Rules. Much of the language of the former subdivision (j) is now contained in subdivision (m). *See* FED.R.CIV.P. 4 advisory committee's note. None of the parties contends that the 1993 Amendments to Rule 4 in any way affect this case. All references in this opinion to Rule 4(j) refer to the former Rule 4(j), as it existed prior to the 1993 Amendments.

1

We hold that it does not.

Lisa H. Hawkins, et al. (Appellants) are the surviving family members of Johnnie Edward Hawkins, who died on December 17, 1990, as a result of a gunshot wound inflicted by a Baton Rouge Police Officer. A complaint seeking damages under 42 U.S.C. § 1983 was filed on December 17, 1991 in the United States District Court for the Middle District of Louisiana.

Appellants did not serve the defendants within 120 days as required by Rule 4(j), and the district court dismissed the action pursuant to that rule. The Appellants appealed that dismissal, and while the appeal was pending filed a second, identical complaint.

When this Court affirmed the dismissal of the first action, the Appellees filed a motion to dismiss the second complaint on the grounds that it was time-barred. The district court granted the motion and dismissed the Appellants' action by order issued on June 22, 1994. The district court held that the Federal Rules applied to the situation, and that under the Federal Rules applied to the situation, and that under the Federal Rules the filing of the first complaint had not interrupted the prescriptive period. Thus the second complaint, filed more than one year after the incident giving rise to the action, the suit was untimely.

STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *Degan v. Ford Motor Co.,* 869 F.2d 889 (5th Cir.1989). Summary judgment is proper where there is no genuine issue as to

2

any material fact and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c). The appellate court must affirm the district court's judgment if the result is correct, even if the judgment is based on improper ground. *Stegmaier v. Trammell,* 597 F.2d 1027 (5th Cir.1979); *see also* 10 C. WRIGHT, A. MILLER, AND M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2716 (1983).

### DISCUSSION

In an action brought in federal court pursuant to 42 U.S.C. § 1983, the court "borrows" the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In this case, the applicable rule of limitations is the one-year prescriptive period established by Article 3492 of the Louisiana Civil Code.

In § 1983 actions, a state statute of limitations and the coordinate tolling rules are in most cases binding rules of law which a federal court is authorized to disregard only if the state law is inconsistent with the Constitution and laws of the United States. *Board of Regents of University of State of N.Y. v. Tomanio,* 446 U.S. 478, 484-85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). Under *Tomanio,* we must identify the Louisiana rule of tolling and determine whether that rule is inconsistent with federal law. *Id.* at 486, 100 S.Ct. at 1796. Although *Tomanio* makes it clear that there is no policy embodied in § 1983 that requires any particular tolling rules. *Id.* at 488, 100 S.Ct. at 1797, this does not preclude the possibility that Rule 4(j) might embody a policy requiring that the applicable statute of

3

limitations not be tolled.

Rule 4(j) provides that if service of summons and complaint is not made on the defendant within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant. A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed. *Hilbun v. Goldberg,* 823 F.2d 881, 883 (5th Cir.1987), *cert. denied,* 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 427 (1988). We have recognized that a such a dismissal will result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint. *See Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir.1985).

We need not decide whether Rule 4(j) expresses a policy that would require that a statute of limitations not be tolled during the pendency of a suit that is later dismissed for failure to serve, or whether that result is merely a fortuitous consequence of the application of the Rule that would yield to a conflicting state policy because there is no conflict between the federal rule and the applicable state rule.

Louisiana law provides that "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial." LA.CIV.CODE ANN. art. 3463. Appellants contend that, since Louisiana courts lack the power to enter involuntary dismissals for failure to serve

4

the defendant within 120 days, art. 3463 should be read narrowly to provide for the annulment of interruption of prescription only under its enumerated conditions: if the plaintiff abandons [after five years, under LA.CODE CIV.PROC.ANN. art. 561], voluntarily dismisses, or fails to prosecute the suit at trial. We considered substantially the same argument in *Hilbun* and rejected it. *See Hilbun,* 823 F.2d at 883-84.

In *Hilbun,* we considered the effect of involuntary dismissal for failure to prosecute pursuant to FED.R.CIV. P. 41(b). We concluded that if Louisiana courts had the same broad procedural power given federal courts to dismiss for failure to prosecute, the exercise of that power would lead to the same consequences as abandonment under Article 3463; the legal result would be the same as if no suit had ever been filed. *Hilbun,* 823 F.2d at 884. We see no relevant difference between dismissal for failure to prosecute under Rule 41(b) and dismissal for failure to serve under Rule 4(j). We believe that Louisiana courts would attach the same consequences to a dismissal for failure to serve under Rule 4(j) as to an abandonment under Article 3463.

We hold that a dismissal under Rule 4(j) annuls the suspension of prescription where Louisiana law provides the rules of limitations. Because there is no conflict between state and federal law, we do not decide whether a federal rule requires that a suit dismissed under Rule 4(j) not toll the statute of limitations in a § 1983 action in the face of a contrary state rule.

## CONCLUSION

The judgment of the district court is AFFIRMED.