# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 99-50920
Summary Calendar

---

OTIS BELSER,

Plaintiff-Appellant,

versus

THE TEXAS STATE BOARD OF
PARDONS AND PAROLES; VERONICA
S. BALLARD, Chairman,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
(W-98-CV-410)

---

September 25, 2000

---

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:*

---

* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

This case involves a state prisoner's challenge to the district court's dismissal of his 42 U.S.C. § 1983 complaint as time-barred by Texas' two year statute of limitations. For the reasons set forth below, we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

Parolee Otis Belser ("Belser") pleaded nolo contendre to criminal mischief after his November 3, 1995 arrest on a pre-revocation warrant. Belser waived a preliminary hearing and entered the institutional division on December 2, 1995. Upon the expiration of 121 days, the Texas Board of Pardons and Paroles ("Board") withdrew the pre-revocation warrant for Belser's arrest and then requested a revocation hearing on April 22, 1996.

The hearing commenced on July 2, 1996 and Belser was released under his original parole on September 30, 1996. Belser claims that the Board and its Chairman, Veronica S. Ballard ("Ballard")[1] violated his constitutional right to due process during the seven months in which they held him without a hearing. Belser formally made this allegation in his original petition, dated August 11, 1997. It was dismissed, however, on August 3, 1998 pursuant to Federal Rules of Civil Procedure 4 (m) and 41 (b) when the district court noted that Belser never properly served Ballard. Belser re-filed his complaint on December 5, 1998, but the district court dismissed it as time-barred. On appeal, he argues that the original August 11, 1997 complaint was within Texas' two-year statute of limitations. Furthermore, Belser alleges that the limitations period was tolled during the pendency of the August 3, 1998 dismissal and as such, the court may properly hear his re-filed complaint.

---

[1] Belser's allegations misstate Ballard's title. She is the Director of the Texas Department of Criminal Justice Parole Division.

DISCUSSION

No specified federal statute of limitations exists for § 1983 cases. Therefore, federal courts borrow the forum state's general or residual personal injury limitations period. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).[2] Under Texas law, the applicable statute of limitations is two years. See id. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Thus, in the present dispute, the statutory period ended on November 3, 1997, two years after Belser's November 3, 1995 arrest.[3] Belser's original complaint, while filed within this limitations period, was nonetheless dismissed after the period ended.

This Court has "recognized that such a dismissal will result in an action being time-barred." Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995). Thus, in order to have his December 5, 1998 complaint heard, Belser must demonstrate that the applicable limitations period was effectively tolled. Under Texas law, therefore, Belser would be required to show "due diligence" in procuring service on Ballard. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998).

This Court has held, however, that Texas' due diligence doctrine is inapplicable to § 1983 actions in Texas federal courts. See id.[4] But the unaddressed issue in Hawkins presents a more

---

[2] Rodriguez involved a pro se litigant who timely filed a civil rights claim. Because the complaint sounded in habeas, the federal court directed the complainant to exhaust his state remedies. Upon doing so, the pro se litigant's federal action was time-barred. In the case at bar, however, the statute of limitations did not run due to any court orders or mandates.

[3] Texas' continuing tort doctrine, which would allow this Court to calculate the limitations period from the date of Belser's release, September 30, 1996, is irrelevant to this discussion since only tolling can save his complaint from being time-barred.

[4] This Court has also applied the due diligence rule to some § 1983 actions. See Gonzales, 147 F.3d at 1021, n.1 (citations omitted). We acknowledge the inconsistency in our case law, but it does not aid Belser in his present claim.

vexing question for this Court.[5] Specifically, does a federal rule require that suits dismissed for failure of service of process "not toll the statute of limitations in a § 1983 action in the face of a contrary state rule[?]" Hawkins, 46 F.3d at 13.

No underlying conflict or tension appears to exist between Fed. R. Civ. P. 4 (m) and Texas' due diligence tolling provision. Rule 4 (m) allows the court to extend the time for service "if the plaintiff shows good cause for the failure" and the Texas rule similarly provides for an extended service time as long as the plaintiff diligently seeks service. Both approaches to tolling based upon failure of service seem to echo the reasoning articulated in Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7th Cir. 1990).

Belser cited Cada to support his position that the statute of limitations should have been tolled during the pendency of his April 11, 1997 original complaint and its August 3, 1998 dismissal. Cada made clear, however, that equitable tolling should not "bring about an automatic extension of the statute of limitations. . . ." Id. at 452. Specifically, a plaintiff who has all the necessary information for his claim and can bring suit within the statutory period should do so. See id. at 453.

Belser allowed almost sixteen months to pass from initiation of his suit against Ballard until the case was finally dismissed. He argues that during this time he was incarcerated and transferred on numerous occasions making it difficult to secure service of process. Even if this Court did recognize Texas' due diligence tolling provision, it would be inapplicable to these facts because

_____

[5] After determining that the state tolling provisions at issue in Hawkins were not inconsistent with federal law, this Court reasoned that it was unnecessary to decide whether Fed. R. Civ. P 4 (j) (extensively revised in the 1993 Amendments to the Federal Rules and now contained in subdivision (m)) "expresses a policy that would require that a statute of limitations not be tolled during the pendency of a suit that is later dismissed for failure to serve, or whether that result is merely a fortuitous consequence of the application of the Rule that would yield to a conflicting state policy. . . ." Hawkins, 46 F.3d at 12.

4

imprisonment is no longer a legal disability which tolls the statute of limitations under Texas law. See Rodriguez, 963 F.2d at 803. In addition, the district court opined that Belser further undercut his diligence argument by waiting over five months to re-file his complaint following the August 3, 1998 dismissal.

Moreover, even if this Court were persuaded that under Fed. R. Civ. P. 4(m) these facts establish just cause sufficient to toll the statute of limitations from April 11, 1997 to August 3, 1998, Belser's second complaint remains time-barred. On April 11, 1997, 206 days remained until the end of the November 3, 1997 limitations period. Thus, tolling the statute of limitations between the filing of Belser's original April 11, 1997 complaint and its dismissal would only extend the limitations period 206 days from August 3, 1998. Therefore, Belser would have to have submitted his complaint by February 25, 1999. He filed his second complaint on December 28, 1999, well after the latest possible extension period.

Based upon these facts and the applicable law, Belser has not demonstrated grounds for tolling the two-year statute of limitations between April 11, 1997 and August 3, 1998. While an argument can be made that the due diligence tolling rule of Texas and the just cause provision of Rule 4(m) are consistent, we pretermit that issue because Belser made no showing that his second complaint was filed within the extended limitations period proposed under either approach.

Belser has filed in this court a motion for default judgment alleging that a default has been entered against Ballard for failure to answer or otherwise defend against his complaint. His contention is meritless. Therefore, the motion is denied.

### CONCLUSION

5

Accordingly, we AFFIRM the district court's finding that Belser's second complaint was time-barred and DENY Belser's motion for default judgment against Ballard.