**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-41273

(Summary Calendar)

_____

LAVERNE JOHNSON,

Plaintiff - Appellant,

versus

CARRIER CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
6:99-CV-523

June 28, 2001
Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Laverne Johnson appeals from the district court's dismissal of her 42 U.S.C. § 1981 and

related state law claims of racial and disability discrimination by her employer, Carrier Corporation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that the statute of limitations on Johnson's § 1981 claim had run before she filed the instant lawsuit, and that the court accordingly lacked pendant jurisdiction over the state law claims. We affirm.

Johnson was terminated from her employment in March of 1997. This lawsuit was filed on September 8, 1999, outside the two-year statute of limitations established under Texas law for personal injury claims and borrowed in federal court for § 1981 claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *National Ass'n of Government Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 n.22 (5th Cir. 1994). The only issue on appeal is whether Johnson is entitled to toll the statute of limitations. She contends that (1) the limitations period should be tolled because she filed an initial lawsuit against Carrier within the limitations period; (2) she was compelled to seek union-initiated arbitration under a Collective Bargaining Agreement with Carrier prior to initiating any legal action; and (3) she is entitled to equitable tolling of the limitations period.

Johnson's first suit against Carrier was dismissed without prejudice for failure to effectuate service on Carrier for over two years after the filing of the suit. We agree with the district court that the filing of this suit did not toll the limitations period. *See Hawkins v. McHugh*, 46 F.3d 10,10 (5th Cir. 1995) (holding that dismissal without prejudice for untimely service in a § 1983 case did not toll the statute of limitations period under Louisiana law). Johnson appears to argue that Texas law explicitly provides for the tolling of the limitations period in this case, directing us to Texas Civil Practice & Remedies Code § 16.064.[1] Section 16.064 provides that

---

[1] Johnson's brief actually cites § 16.063, the tolling provision dealing with the temporary absence of a potential defendant from the state. As Johnson has never alleged that Carrier Corporation left Texas for any period of time, we believe the section she intended to reference is § 16.064.

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if: (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

By its plain terms, § 16.064 applies only to an action that is refiled in a "different court." Both of Johnson's filings, however, were filed in the district court for the Eastern District of Texas. Accordingly, the two-year limitations period was not tolled by Johnson's initial filing.

Johnson maintains that, alternatively, the limitations period was tolled because she was "arguably compelled to proceed with [] arbitration prior to initiating any legal action." As the district court held, however, arbitration under a collective bargaining agreement is not a precondition to an individual discrimination suit, and thus does not toll the limitations period. *See Alexander Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

Finally, Johnson asserts that she should be accorded equitable tolling because "she has pursued her claims in every forum available." We decline to toll the limitations on this basis, however, as Johnson has provided no explanation for her initial dilatoriness in serving Carrier, nor for her failure to pursue this claim during the pendency of the arbitration. *Cf. Carimi v. Royal Carribean Cruise Linc, Inc.*, 959 F.2d 1344, 1348-49 (5th Cir. 1992) (suggesting the tolling of the limitations period on remand where the plaintiff "had good cause for not effecting valid service within 120 days, and indeed had good cause to think that he had done so.").

AFFIRMED.