*879 EMILIO M. GARZA, Circuit Judge,
dissenting:
Because I do not believe that this case presents an “extraordinary circumstance” warranting equitable tolling, I respectfully dissent.
To clarify where I differ with the majority, a brief re-exposition of certain proceedings may be helpful. As the majority explains, Wilson’s original habeas petition was pending in federal district court for the entire year following Atkins. During that period, no court would hear his Atkins claim: the two-forum rule mandated that the state habeas court dismiss a successive writ application while federal proceedings were pending, and the exhaustion requirement prevented him from amending his already filed federal habeas petition. On the last day of the one-year period within which he could file an Atkins claim, risking dismissal by the state court, Wilson filed a successive writ application in state court.[1] Contrary to its own well-established rule, the Texas court accepted Wilson’s petition, thereby tolling the statute of limitations under AEDPA with one day remaining. At that moment, the two-forum rule ceased to impact Wilson: it had not barred him from having his claims heard in state court or from ultimately filing a successive writ in federal court within the limitations period.
When the Texas Court of Criminal Appeals eventually denied the successive writ application, Wilson had one day in which to file his successive federal habeas claim. He did so successfully and filed a timely successive habeas petition in the district court. However, Wilson repeated the same error he had made in his previous attempt to file a successive habeas petition in the federal courts and failed to seek prior authorization from this court. One month later, Wilson filed a “Motion for Reinstatement” in the circuit court in an attempt to revive the prior successive ha-beas petition that this court had dismissed without prejudice the year before. Probably waiting for our decision, the district court had not acted on Wilson’s successive writ at that time. This court dismissed this motion, as it was not the appropriate way to gain approval to file a successive habeas petition. The day after we rejected the faulty motion, however, the district court — well within its discretion — dismissed the unauthorized successive petition, stating that Wilson had repeated his previous error of not seeking prior authorization. Only then did Wilson file a proper motion for authorization with this court.
The statute governing the filing of habe-as petitions explicitly mandates that before a successive application can be filed in the district court, “the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.” 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Section 2244(b)(3)(A) “acts as a jurisdictional bar to the district court’s asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one.” United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).
The majority elides Wilson’s total failure to seek authorization the second time he filed for a successive writ; it is this lack of authorization that resulted in the forty-day delay between the lapsing of the limitations period and the current, properly-filed motion.[2] This failure is particularly inex *880 plicable given that Wilson’s attorney had not sought authorization for his first successive writ application, a mistake that was remedied when the district court chose to transfer the motion to this court, rather than dismiss it as unauthorized. Wilson offers no excuse for his repeated failure to gain authorization prior to filing in district court. The majority opinion offers no explanation either, stating simply that “[b]e-cause Wilson’s failure to exhaust was our sole reason for dismissing Wilson’s first motion for authorization, no substantive issue remained to be decided after that requirement was satisfied.”
This court specifically has considered whether it is necessary to move again for authorization after a prior motion has been dismissed without prejudice. In Graham v. Johnson, 168 F.3d 762 (5th Cir.1999), a prisoner argued that his fourth successive application should be treated as a “continuation” of his third, which had been dismissed without prejudice for failure to exhaust state remedies. In rejecting this argument we stated:
A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies to “continue” his federal remedy, without running afoul of the statute of limitations. Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA’s principal purposes.
Id. at 780 (internal citations omitted). This reading of the effect of a dismissal in the AEDPA context comports with our more general understanding of the effect of a dismissal without prejudice, which is to render the case without legal effect. See Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir.1995) (holding that a dismissal without prejudice “leaves the parties in the same legal position as if no suit had been filed”). Thus the plain language of AED-PA and this circuit’s caselaw dealing with dismissals without prejudice, both in and out of the habeas context, indicate that a second motion for authorization cannot be considered a mere “formalism.” A motion for authorization is an integral and statutorily-mandated part of the habeas scheme designed by Congress and we should not willfully disregard that requirement.
This failure to seek authorization is attorney error, which this court has specifically held is insufficient to warrant equitable tolling. Salinas v. Dretke, 354 F.3d 425, 431-32 (5th Cir.2004); United States v. Riggs, 314 F.3d 796, 799 (5th Cir.2002); Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir.2002). Our sister circuits similarly hold that attorney error does not trigger equitable tolling. See, e.g., United States v. Martin, 408 F.3d 1089, 1093 (8th Cir.2005); Modrowski v. Mote, 322 F.3d 965, 966 (7th Cir.2003); Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir.2002); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000).
*881 The delay between the end of the limitations period and the instant filing cannot be excused by an “extraordinary circumstance [that] stood in [petitioner’s] way.” Pace, 125 S.Ct. at 1814. Wilson’s unexplained failure to seek authorization of any sort rendered his second successive writ petition infirm and led to the forty-day gap between the lapse of the statute of limitations and the filing of the current motion. By granting equitable tolling in this instance, we have disregarded AEDPA’s statutory scheme and erroneously suggested that prior authorization is not necessary for the district court to accept a successive writ petition.

. He simultaneously filed a successive writ petition in federal court, without first obtaining the statutorily required authorization from the circuit court. The district court, within its discretion, transferred this writ application to the circuit court, which then dismissed it without prejudice as unexhausted.

. Wilson’s choice not to seek conditional authorization after the two-forum rule was lifted *880 by Ex parte Soffar, 143 S.W.3d 804 (Tex.Crim.App.2004), also cuts strongly against the grant of equitable tolling, as we will not grant tolling if the petitioner has failed to demonstrate a diligent pursuance of his rights. Pace v. DiGugliehno, 544 U.S. 408, 125 S.Ct. 1807, 1814-15, 161 L.Ed.2d 669 (2005); Larry v. Dretke, 361 F.3d 890, 897 (5th Cir.2004). However, even if that questionable decision can be justified by this court's prior denial of the motion for authorization, it does not explain Wilson's failure to seek authorization concurrently with or soon after filing the successive writ petition in federal district court.