# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

No. 07-30393
Summary Calendar

KEVIN DALE MANNING

Plaintiff-Appellant

v.

CHERAMIE BROTHERS BO TRUC;
UNITED STATES COAST GUARD

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-5835

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The pro se plaintiff-appellant, Kevin Dale Manning, appeals the district court's dismissal of his maritime action without prejudice for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for the plaintiff's failure to prosecute. McCullough v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1998). The district court may dismiss an action for failure to prosecute on its own initiative, without any motion from the opposing party. Id. Rule 41(b) dismissals are reviewed for abuse of discretion. Id.; Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982).

Because the district court's dismissal was without prejudice and because the record contains no indication that—and the plaintiff does not contend that—any applicable statute of limitations has run since the filing of the complaint, see Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995), the plaintiff has suffered no prejudicial harm from the dismissal. See McCullough, 835 F.2d at 1127 ("In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving."). The district court dismissed the action after the plaintiff failed to establish good cause why no action had been taken in the case and after due notice to the plaintiff to show cause had been provided. Under these circumstances, the district court's dismissal of the plaintiff's case without prejudice was not an abuse of discretion.

For these reasons, we AFFIRM.

The plaintiff's motion to supplement the record is DENIED AS MOOT.