IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-30501

JEANNINE M. CRUZ

Plaintiff-Appellant

v.

STATE OF LOUISIANA, through the Department of Public Safety
and Corrections; HENRY L. WHITEHORN

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Jeannine Cruz filed a sex discrimination complaint with state and federal claims against Defendants in federal district court in Louisiana. She failed to serve defendants timely, and the court dismissed the case under Rule 4(m).[1] Before the court dismissed her first case, she filed a second, identical complaint in state court in April 2006. On its removal to federal court, the court dismissed the second complaint, holding that the prescriptive period had run because a dismissal for failure to timely serve in federal court prevents interruption of prescription under Louisiana law. Cruz timely appealed.

---

[1] Fed. R. Civ. P. Rule 4(m).

I

Cruz applied for a position with the Louisiana State Police but failed the agency's psychological examination. After filing a charge questionnaire with the EEOC and signing a Charge of Discrimination, she received an EEOC Right to Sue Letter in November 2004. On June 21, 2005, she filed a complaint, her "first complaint," with the federal District Court for the Eastern District of Louisiana, alleging sex discrimination under Title VII,[2] sex discrimination in violation of La. R.S. § 23:332 et seq., a Fourteenth Amendment equal protection violation under color of law (a 42 U.S.C. § 1983 claim), a deprivation of property interest in continued employment under § 1983, and a violation of the Louisiana constitution's right to individual dignity.[3] On April 3, 2006, she filed an identical civil rights petition, her "second complaint," in state court. Defendants removed the case to the Federal District Court for the Middle District of Louisiana.[4] Plaintiff amended her complaint to add a sixth count of violation of a consent decree, alleging that under the consent decree, the agency had agreed to not use discriminatory testing in violation of Title VII.

On April 25, 2006, after Plaintiff had filed her second complaint in state court, the federal district court dismissed her first complaint without prejudice for failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure. In response to Plaintiff's second complaint, Defendants filed with the federal court a motion to dismiss or for summary judgment in the alternative, alleging that all of her claims were prescribed. The district court treated the motion as a motion for summary judgment and dismissed Plaintiff's second complaint. It identified the "threshold issue" as

---

[2] The complaint alleged sex discrimination in violation of 42 U.S.C. § 2000e-2(a)(1).

[3] LA. CONST. of 1974, art. 13, § 3.

[4] Removal was based on 28 U.S.C. § 1331, supporting jurisdiction over the federal claims, and 28 U.S.C. § 1367, providing supplemental jurisdiction over the state claims.

whether the plaintiff's June 2005 complaint [her first complaint] that was dismissed on April 25, 2006 without prejudice for failure to timely serve defendants tolled or interrupted prescription such that the plaintiff's April 3, 2006 suit [her second complaint] was timely filed.

The court determined that "federal cases have consistently held that a dismissal for failure to serve a defendant within 120 days has a retroactive effect" and also looked to Louisiana law, concluding that "a dismissal under Rule 4(m) does not interrupt prescription for subsequently filed suits, even if the second suit is filed before the first suit is dismissed."

We address the same threshold issue on appeal, applying de novo review[5] and asking whether dismissal of Plaintiff's first complaint under Rule 4(m) caused abandonment of that complaint and whether her second complaint was, as a result, untimely. Defendants argue that there is no conflict here between federal and state law, that Rule 4(m) is a procedural rule, and that "'federal courts are to apply state substantive law and federal procedural law.'"[6] "[A] federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed," they urge. As a result, they maintain, "the prescriptive period to file Cruz's action ran prior to the filing" of her second complaint.

Plaintiff argues that we should look to Louisiana procedural law, urging that "[t]he [Louisiana] legislature authorized a dismissing court to negate the interruption of prescription only upon a finding of bad faith," and that this law was in effect during all of the relevant events in this case, including the filing of both of her complaints and the dismissals of those complaints. Plaintiff

---

[5] Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1412 (5th Cir. 1993).

[6] Quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965).

maintains that the filing of her first complaint interrupted or equitably tolled the prescriptive period, thus making her second complaint timely under Louisiana law, despite the fact that she filed the second complaint more than one year after the cause of action accrued.

## II

We are persuaded that we must interpret Rule 4(m)'s impact on prescription under Louisiana law[7] but that the federal court's dismissal of Cruz's complaint prevented the complaint from interrupting the prescriptive period.

Section 1983 does not contain a statute of limitations, so the law of the forum court applies and prescribes a one-year period.[8] For the state law claims, Plaintiff also faces a one-year prescriptive period under Louisiana's civil rights laws.[9] Title VII specifies a statute of limitations of 300 days,[10] but Plaintiff does

---

[7] See Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999) (citing Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir.1992); Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993)) (In a 1983 case, "[a]lthough federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions"); Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995) ("In § 1983 actions, a state statute of limitations and the coordinate tolling rules are in most cases binding rules of law which a federal court is authorized to disregard only if the state law is inconsistent with the Constitution and laws of the United States.").

[8] See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005) ("The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."); Hawkins, 46 F.3d at 12 (internal citations omitted) ("In an action brought in federal court pursuant to 42 U.S.C. § 1983, the court 'borrows' the forum state's statute of limitations . . . .").

[9] See La. Rev. Stat. Ann. § 23:303D. ("Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.").

[10] See Webb v. Cardiothoracic Surgery Assoc. of N. Tex., 139 F.3d 532, 537 (5th Cir. 1998) (abrogated on other grounds by Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)) ("A Title VII plaintiff who has instituted proceedings with a state or local agency cannot sustain a claim of sexual harassment based upon incidents that occurred more than 300 days before the filing of a charge of discrimination.").

not raise the federal statute of limitations issues on appeal; she only contests the district court's interpretation of Louisiana's prescription law, which applies to the § 1983[11] and the state civil rights claims.[12] Plaintiff's cause of action accrued in August 2004.[13] She filed her first complaint in June 2005 and her second in April 2006. If the dismissal of her first complaint under Rule 4(m) caused abandonment of that claim, her second complaint is untimely under any of the prescriptive periods, as she filed her second claim more than one year after the cause of action accrued.

Federal Rule 4(m), the basis of dismissal for Plaintiff's first suit, provides,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.[14]

In federal court, a dismissal under Rule 4(m) constitutes an abandonment of a claim, meaning that the claim is treated as having never been filed and thus fails to interrupt the running of a prescription period.[15]

Louisiana's rules for prescription and interruption are found in several independent portions of its statute and civil code. In dismissing Plaintiff's case

---

[11] See supra note 7 and accompanying text.

[12] Hilbun v. Goldberg, 823 F.2d 881, 883 (5th Cir. 1987) (citations omitted) (holding that "Louisiana prescription law applies" to "state causes of action").

[13] Plaintiff's civil rights petition alleges that "on August 4, 2004 [she] was advised that she had 'failed' the psychological screening test(s)," that she received a hearing regarding the failure on August 13, 2004, and that "[a]t the August 13, 2004 hearing, PLAINTIFF was advised . . . [that] Plaintiff had 'failed' the test ."

[14] Fed. R. Civ. P. 4(m).

[15] Hilbun, 823 F.2d at 883 ("A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had ever been filed.").

based on the running of the prescriptive period, the district court relied on La. Civ. Code Ann. art. 3462 and art. 3463. Article 3462 provides,

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. . . .

Article 3463 provides,

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

Finally, Defendants point to a Louisiana rule for service on states and state agencies, which the district court also considered. Louisiana Revised Statutes § 13:5107D provides:

> D.(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a . . . petition . . . .
> (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice . . . .
> (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision . . . .

In sum, for non-state defendants, Louisiana law does not treat dismissal for a failure to timely serve as abandonment unless the failure to serve was in bad faith. But the law is different for state defendants; a failure to timely serve citation on a state or state agency defendant, which results in dismissal of the

state party from the case, prevents interruption of the running of the prescriptive period.

### III

The controlling cases on the effect of a federal court dismissal on Louisiana prescription are Hilbun v. Goldberg and Hawkins v. McHugh. In Hilbun, we asked whether a case dismissed in federal court would count as a failure to prosecute under Louisiana's Article 3463 and would prevent interruption of prescription.[16] We held, "If . . . Louisiana courts had the broad procedural power given federal courts [to dismiss], we believe that exercise of this power would lead to the same consequences as an abandonment under Article 3463."[17]

In Hawkins v. McHugh, a § 1983 action against a Baton Rouge police officer in a Louisiana federal district court, we asked whether a dismissal in federal court under Rule 4(j), the precursor to Rule 4(m),[18] counted as "abandonment" under Article 3463 and prevented the dismissed case from interrupting the one-year prescriptive period under Article 3492.[19] We held that it did, stating, "dismissal under Rule 4(j) annuls the suspension of prescription where Louisiana law provides the rules of limitations."[20] We concluded, as in Hilbun, "We believe that Louisiana courts would attach the same consequences to a dismissal for failure to serve under Rule 4(j) as to an abandonment under Article 3463."[21]

---

[16] 823 F.2d at 883.

[17] Id. at 884 (emphasis added).

[18] See Hawkins, 46 F.3d at 11 n.1 ("Rule 4 was extensively revised in the 1993 Amendments to the Federal Rules. Much of the language of the former subdivision (j) is now contained in subdivision (m).").

[19] Id. at 11-12.

[20] Id. at 13.

[21] Id.

Since we decided Hawkins and Hilbun, Louisiana enacted an Act granting Louisiana courts broad dismissal powers for failure to timely serve.[22] Another Act in place at the time provided that a dismissal for failure to serve would only prevent interruption if the lack of service "was due to bad faith."[23] The parties joust over the meaning of the Act granting broad dismissal powers,[24] which proved temporary.[25] We need not pursue that course, for the reason that throughout the relevant time period, there has been no substantial change in the Louisiana tolling provisions controlling suits against state agencies.

Under Louisiana Revised Statutes § 13:5107D, dismissal of cases against the state and state agencies denies tolling, both now and when the federal court dismissed Cruz's suits. Louisiana, through § 13:5107D, provides that dismissal for failure to timely serve in suits against a state or state agencies prevents interruption of prescription, and Louisiana courts have held that § 13:5107D is mandatory.[26] In other words, a suit brought against an agency and later dismissed for failure to timely serve does not interrupt Louisiana's prescriptive

---

[22] See Acts 1997, No. 518, § 2; Acts 1997, No. 1058, § 1. The resulting provision, La. Code Civ. Proc. art. 1672, read, "A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed . . . upon contradictory motion of that person or any party or upon the court's own motion."

[23] La. Rev. Stat. § 9:5801 ("[I]nterruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith . . . as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.").

[24] Cruz argues that the 1997 Acts controlled when both of her cases were dismissed and shows that the Louisiana legislature intended that sua sponte dismissals for failure to timely serve would not prevent interruption of prescription, absent a bad faith failure to timely serve.

[25] In 2006, the Louisiana Legislature struck the portion of the statute (La. Code Civ. Proc. art. 1672) allowing dismissal for late service upon contradictory motion of the defendant or by the court's own motion. 2006 Las. Sess. Law Serv. Act 750 (H.B. 134) (West).

[26] See Chinn v. Mitchell, 734 So.2d 1263, 1265 (La. App. 1 Cir. 1999).

period.[27] Although the procedures for serving an agency are different in federal and state court, such technical distinctions are unimportant. In Hilbun, a similar distinction did not control our decision. We held, "The fact that, under Article 561, an order of dismissal may be entered only upon party application and only after the passage of five years does not defeat the analogy; federal courts are privileged to establish their own procedural rules for control of their dockets for actions heard in diversity."[28]

In Hilbun and Hawkins, as we have discussed, we predicted that if the state courts had broad procedural powers to dismiss, as did the federal courts, Louisiana courts would find such dismissals to be an abandonment under Article 3463. Here, we need not guess; a Louisiana statute requires state courts to dismiss suits filed against agencies where there is untimely service and provides that dismissal prevents interruption of the prescriptive period.

Accordingly, we AFFIRM on alternate grounds.

---

[27] See, e.g., Bordelon v. Med. Ctr. of Baton Rouge, 871 So. 2d 1075, 1084 (La. 2003) (holding that "unless . . . [the] unserved party is the state, . . . [a] lawsuit, although not timely served, interrupts prescription, unless the court finds that failure to request service was due to the plaintiff's bad faith" (emphasis added)).

[28] 823 F.2d at 884.