# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

No. 13-30027
Summary Calendar

Lyle W. Cayce
Clerk

DAVID LYNN STAPLEMAN, also known as David Stapleton,

Plaintiff - Appellant

v.

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JIMMY LEBLANC; LIBBY TIGNER; RODNEY SLAY; BEAU HUNANDY; JEFFERY GASPARD,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-823

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, David Lynn Stapleman, Louisiana prisoner #239476, appeals the district court's ruling his 42 U.S.C. § 1983 complaint, which sought monetary damages based on defendants'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged deliberately refusing to calculate his sentence correctly, was frivolous and failed to state a claim for which relief may be granted.

No later than 9 December 2010, a commissioner of the Louisiana 19th Judicial District Court ordered the Department of Public Safety and Corrections to correct Stapleman's prison records to give him credit for 18 months of a five-year sentence imposed in 1998 in Docket No. 35478. There is no error in the court's determining Stapleman's claim accrued under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), on that date, and that the instant complaint, filed in district court on 4 April 2012, was untimely. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions".); *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989) (applying Louisiana's one-year prescriptive period for personal-injury actions to plaintiff's § 1983 claim). Stapleman has not established equitable tolling of the limitations period is warranted. *E.g.*, *Cruz v. Louisiana*, 528 F.3d 375, 378 & n.7 (5th Cir. 2008); *Barber v. Emp'rs Ins. Co.*, 97 So. 3d 454, 464 (La. Ct. App. 2012) (if complaint is facially untimely, Louisiana law places burden on plaintiff to establish prescription has been interrupted or suspended).

AFFIRMED.