# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

Lyle W. Cayce
Clerk

No. 15-30563
Summary Calendar

TRENT STEVEN GRIFFIN, SR.,

      Plaintiff - Appellant

v.

NEW ORLEANS CITY; NEW ORLEANS POLICE DEPARTMENT; MARLIN
N. GUSMAN, Sheriff, Orleans Parish; MITCH LANDRIEU, Mayor, City of
New Orleans; RONAL SERPAS, Superintendent of New Orleans Police
Department; ARLINDA WESTBROOK, Commander, Public Integrity
Bureau; CHRISTOPHER LAINE, Officer, New Orleans Police Department,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-559

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-30563

Trent Steven Griffin, Sr. appeals the district court's dismissal of his claims arising from his arrest and detention on August 19, 2012. Because the claims are time barred, we **AFFIRM**.

I.

On August 19, 2012, Trent Steven Griffin, Sr. was pulled over, questioned by a New Orleans Police Department officer, arrested, and detained in the Orleans Parish Prison. Griffin alleges that the traffic stop, arrest, and detention were without probable cause and a violation of his constitutional and civil rights. Griffin further alleges that, while in the Orleans Parish Prison, he was assaulted by another inmate, the deputies on duty at the prison failed to report or charge the other inmate for the assault, and the prison medical staff provided him medication without screening for possible complications. Griffin filed an administrative complaint with the City of New Orleans's Public Integrity Bureau on December 17, 2012. He subsequently filed this lawsuit on March 12, 2014 alleging violations of the Fourth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, the Omnibus Crime Control and Safe Streets Act of 1968, and various other laws brought under 42 U.S.C. §§ 1983 and 1985. The district court dismissed all of Griffin's claims as prescribed by Louisiana's one-year statute of limitations for personal injury claims. Griffin now appeals.

II.

We apply the forum state's most analogous limitations period to claims arising under federal laws without a statute of limitations. *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012); *Price v. San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). In this § 1983 case, Griffin's claims are governed by Louisiana's prescriptive period for tort actions, which is one year. *Cruz v. Louisiana ex rel. Dep't of Pub. Safety and Corr.*, 528 F.3d 375, 378-79 (5th Cir.

No. 15-30563

2008).  Federal law, however, determines the date of accrual for the limitations period, which occurs when the plaintiff knows, or should have known, of the facts that form the basis of the claim.  *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

We find that Griffin failed to timely file his claims.  Griffin was arrested on August 19, 2012 and filed an administrative complaint arising from the arrest with the City of New Orleans on December 17, 2012.  Whether we look to the arrest or the filing of the administrative complaint, the latest date to timely commence a lawsuit arising from the arrest and detention would have been in December of 2013.  Since Griffin did not file his claims until March 12, 2014, the claims are barred and must be dismissed.

## III.

The judgment of the district court is **AFFIRMED**.

3