Anne M. MAKUC, et al., Plaintiffs, Appellants,

v.

AMERICAN HONDA MOTOR CO., INC., et al., Defendants, Appellees.

No. 82–1725.

United States Court of Appeals, First Circuit.

Oct. 21, 1982.

Louis Kerlinsky, Springfield, Mass., for plaintiffs.

Karl L. Gollub, David H. Sempert, Cornell & Gallub, Boston, Mass., for appellees.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

## MEMORANDUM AND ORDER

Two notices of appeal have been filed seeking review of the district court's order dismissing one of the defendant's below. In addition the second notice of appeal seeks review of the district court's refusal to enter judgment under Rule 54(b) F.R.Civ.P. To the extent that the notices seek review of the dismissal they are premature because judgment has not yet been entered under Rule 54(b).

The question of review of the *denial* of a Rule 54(b) motion is more difficult. While *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) suggests that the district court's actions with regard to a Rule 54(b) motion are reviewable for abuse of discretion we think that, in context, that holding is limited to cases in which the motion is granted. Indeed, we are unaware of any cases in which a court of appeals has reviewed the denial of a Rule 54(b) motion though there are a number of cases where the granting of such motions has been reviewed. See, e.g., *Brunswick v. Sheriden,* 582 F.2d 175 (2nd Cir.1978) and *Zangardi v. Tobriner,* 330 F.2d 224 (D.C.Cir.1964). Indeed, as we have previously noted, we are not aware of cases where mandamus powers have been applied to require the granting of a 54(b) motion. *In re Bromley-Health Modernization Committee,* 448 F.2d 1271 (1st Cir.1971).

Drawing a distinction between the appealability of granting such a motion and of denying the same does not create a contradiction. Indeed, it would seem wholly consistent with the purposes of the rule and the finality doctrine embodied in 28 U.S.C. § 1291.

When a Rule 54(b) motion is granted the normal policy against piecemeal review is stretched. Were a district court to improvidently grant such a motion it would permit appellate jurisdiction where no jurisdiction was intended. Quite naturally the appellate courts will review such orders to determine their correctness for if they are erroneous the reviewing court lacks jurisdiction.

On the other hand, when the district court denies a 54(b) motion, the policy against piecemeal review is preserved. Indeed, allowing appellate review of the denial of a 54(b) motion would go a long way towards enshrining piecemeal review, the very opposite of the policy the rule is intended to support. See Notes of the Advisory Committee to the 1946 Amendment to Rule 54. To be sure, such review would be limited to determining whether an abuse of discretion had occurred; but in today's litigious world, where dockets are readily increasing, we cannot say that the addition of appeals of this character would not impose significant additional burdens both upon courts and opposing litigants. The order, moreover, is obviously interlocutory and

thus not subject to review itself under 28 U.S.C. § 1291 unlike an order granting a Rule 54(b) motion which, by definition, creates an appealable judgment under 28 U.S.C. § 1291.

Since we know of no clear precedent to the contrary and since we believe the general policy strongly supports it, we hold that the denial of a Rule 54(b) motion is not generally appealable. Since the other underlying order referred to in the notices of appeal is not appealable absent the granting of the Rule 54(b) motion, the appeal is dismissed.