# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01682-SCT

*ED WANSLEY AND JERLEANE WANSLEY*

**v.**

*SPEED CORPORATION d/b/a NORTH JACKSON HONDA/YAMAHA, INCORPORATED AND YAMAHA MOTOR CORPORATION, U.S.A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2002 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAWN LAVERNE STOUGH |
| | PRECIOUS TYRONE MARTIN |
| ATTORNEYS FOR APPELLEES: | WALKER REECE GIBSON |
| | MONTE L. BARTON, JR. |
| | ROBERT A. MILLER |
| | ANN BOWDEN-HOLLIS |
| | MEADE W. MITCHELL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | APPEAL DISMISSED - 03/24/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a trial judge's denial of a M.R.C.P. 54(b) motion to certify as final a judgment dismissing two of the four defendants in a personal injury suit.

¶2.     Ed Wansley was injured on April 6, 1997, when the motor boat he was a passenger in was struck by a jet ski. As a result of the collision, Wansley and his wife, Jerleane Wansley, filed suit against four defendants, two of which were Speed Corporation d/b/a North Jackson

Honda/Yamaha, Inc. and Yamaha Motor Corporation, U.S.A.

¶3.     On August 28, 2002, the trial court granted summary judgment in favor of North Jackson Honda/Yamaha and Yamaha Motor Corporation. Even though the summary judgments entered by the trial court complied in every respect with the requirements of M.R.C.P. 54(b) and were therefore "final judgments," the Wansleys failed to file a notice of appeal within the thirty days allowed by M.R.A.P. 4. Instead, on August 30, 2002, the Wansleys filed a Petition for Permission to Appeal, requesting certification under M.R.A.P. 5 for an interlocutory appeal of the summary judgments. On September 20, 2002, the trial court refused to certify the summary judgments for interlocutory appeal, and on December 18, 2002, this Court denied the Wansleys' petition for interlocutory appeal.

¶4.     On February 5, 2003, the Wansleys filed a Motion to Certify Order as Final Judgment, claiming that the August 28, 2002, judgments were not final judgments pursuant to Miss. R. Civ. P. 54(b). On July 8, 2003, the trial court denied as moot the Wansleys' Motion to Certify, holding that the judgments entered on August 28, 2002, in favor of Defendants North Jackson Honda/Yamaha and Yamaha Motor Corporation were final pursuant to M.R.C.P. 54(b).

¶5.     The Wansleys have appealed a *denial* of a Rule 54(b) motion. This Court has not previously addressed whether denial of a motion for a Rule 54(b) certification is appealable. However, the issue has been addressed in the federal courts. See *McCall v. Deeds,* 849 F.2d 1259 (9th Cir. 1988); (*Makuc v. Am. Honda Motor Co.,* 692 F.2d 172, 173-74 (1st Cir. 1982). In adopting this policy, the *Makuc* court stated, "Since we know of no clear precedent to the contrary and since we believe the general policy strongly supports it, we hold that the denial

2

of a Rule 54(b) motion is not generally appealable."

¶6.     We agree and hereby hold that the denial of a motion for Rule 54(b) certification may not be appealed.  Accordingly, the Wansleys' appeal is hereby dismissed, and the appellees' motion to strike issues is dismissed as moot.

¶7.     **APPEAL DISMISSED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J.,  DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J.,  NOT PARTICIPATING.**