# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2012

Lyle W. Cayce
Clerk

No. 10-31186
Consol. w/ No. 11-30011

FREDDIE R. LEWIS,

Plaintiff - Appellant

v.

SHERIFF'S DEPARTMENT BOSSIER PARISH; BOSSIER PARISH;
GEORGE HENDERSON; MARK TOLOSO; Warden WEAVER; Assistant
Warden LEE; Assistant Warden STOKES; Sergeant SHELTON; Deputy
GRIFFIN; Deputy ORR; Deputy HAWN; STEVE BROADENSKY, Bossier
Sheriff's Department Medical Staff; DAVID, Bossier Sheriff's Department
Medical Staff; Sheriff LARRY DEAN, Bossier Parish Sheriff; Deputy HALL;
Dentist HAVERTON, Louisiana State University Dentist; JONES; Deputy
MARTIN; Deputy J MARTIN; Sergeant PARISH; Sergeant PIERCE;
PORTER; Deputy PRATHER; Doctor ROBERT RUSSELL, Louisiana State
University Doctor; THORNHILL, Bossier Sheriff's Department Medical Staff;
Sergeant WADSWORTH,

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-394

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nos. 10-31186, 11-30011

Appellant Freddie R. Lewis, Louisiana prisoner # 395306, filed two appeals in this court contesting the district court's dismissal of his claims under 42 U.S.C. § 1983.  First, he appeals the district court's refusal to certify as final its order dismissing approximately half of Lewis's claims, as well as its refusal to stay the proceedings so that Lewis could pursue an interlocutory appeal (hereinafter "Appeal No. 10-31186").  Lewis also appeals the dismissal of approximately half of his claims as frivolous or prescribed, the denial of his various discovery motions as premature, and the dismissal of his remaining claims for failure to prosecute (hereinafter "Appeal No. 11-30011").

We have consolidated Lewis's appeals because of their related nature. However, we DISMISS Appeal No. 10-31186 for lack of jurisdiction, as Lewis filed the notice of appeal prior to the entry of a final judgment, and an order denying a motion to certify a prior decision as final is not an appealable order. As for the issues raised in Appeal No. 11-30011, we find that Lewis waived all of his challenges other than his argument that the district court erred in dismissing his remaining claims for failure to prosecute, and we AFFIRM the district court's decision to dismiss his remaining claims for that reason.  Because we conclude that the district court did not err in dismissing Lewis's lawsuit, we DENY Lewis's motion to remand the case to the district court and his motion for reimbursement of costs and fees.

## I.  FACTS AND PROCEDURAL HISTORY

In early 2007, Lewis filed a pro se and *in forma pauperis* ("IFP") complaint against numerous defendants, complaining of his 2005 arrest and of the conditions of his confinement.  Over the course of the next several years, Lewis filed several discovery motions and a motion to serve the defendants, all of which were denied as premature.

In February 2010, the magistrate judge to whom this case was referred recommended that approximately half of Lewis's claims against various

Nos. 10-31186, 11-30011

defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous or for failure to state a claim because, *inter alia*, the claims were prescribed, the defendants were immune from suit, the claims were not cognizable under § 1983, no constitutional violation was alleged, or the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] Lewis objected, arguing that his claims were timely filed and not prescribed.

The district court overruled the objections, adopted the magistrate judge's report and recommendation, and dismissed these seventeen claims. The district court noted that Lewis had claims remaining against numerous defendants, whom it named in a footnote of the opinion. Lewis filed a notice of appeal from this order of partial dismissal, but we dismissed the appeal for lack of jurisdiction, as the district court's opinion did not dispose of all of Lewis's claims and therefore lacked finality. *See Lewis v. Sheriff's Dep't Bossier Parish*, 396 F. App'x 102, 102-03 (5th Cir. 2010) (per curiam) (unpublished).

A.    Facts Relevant to Appeal No. 10-31186

After we dismissed Lewis's appeal, Lewis asked the district court to certify the order dismissing half of Lewis's claims for immediate appeal pursuant to 28 U.S.C. § 1292(b). Lewis also asked the district court to stay the proceedings pending the outcome of his "interlocutory appeal." The district judge interpreted Lewis's motion for an interlocutory appeal as a request for certification pursuant to Federal Rule of Civil Procedure 54(b) and denied the motion. Several days later, the district judge denied Lewis's motion for a stay, and his second motion for an interlocutory appeal—which the district judge again treated as a request

---

[1] In *Heck*, the Supreme Court held that if a plaintiff desires to recover monetary compensation for an allegedly unconstitutional sentence or conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question because a federal court issued a writ of habeas corpus. *Id.* at 486-87.

for certification under Rule 54(b).  Lewis filed a notice of appeal from the district court's denial of his motion to stay and his request for certification on November 22, 2010—five days *before* the district court entered a final judgment in the case.

B.     Facts Relevant to Appeal No. 11-30011

Approximately two weeks after the district judge dismissed half of Lewis's claims, the magistrate judge summarized the claims against the remaining defendants, ordered Lewis to file one copy of the complaint and two completed summonses for each defendant with the clerk within 30 days, and directed the U.S. Marshal to serve these defendants.  In response, Lewis moved to have the clerk serve the summonses he had previously filed, to waive the requirement that he file two copies of each summons, and to have the clerk provide a copy of the complaint at no cost to Lewis.  On March 1, 2010, the magistrate judge denied Lewis's "request to waive the requirement that he provide completed summons forms to the clerk" and directed Lewis to comply with the previous order.

On March 18, 2010, Lewis requested a copy of his complaint and ten more copies of "Form USM-285, Process Receipt and Return, for the remainder of the 'defendant's' [sic] to be served."  On August 9, 2010, the magistrate judge denied Lewis's motion to show just cause, in which Lewis had asked for the service of his previously filed summonses, because Lewis failed to comply with the magistrate judge's order requiring him to file one copy of the complaint and two completed summonses for each defendant.  The next day, the magistrate judge granted his request for copies of the complaint and the forms.

On August 31, 2010, Lewis again filed a motion for service of the summonses, stating that he had made a good faith effort to provide the appropriate number of documents for each defendant and asking the court to provide the necessary copies of the complaint to accompany the "summons [sic] attached hereto."  However, any summonses that were attached are not part of

the record on appeal.  The magistrate judge granted Lewis's request to have the clerk provide copies of the complaint to be served with the completed summonses and service forms and allowed Lewis until September 17, 2010, to deliver his completed paperwork to the clerk.  However, the judge warned that "[i]f Plaintiff does not timely submit service papers with respect to any defendant, the court will construe that as a voluntary dismissal of that defendant."

An unnumbered docket entry on September 7, 2010 states that the clerk sent Lewis "a copy of doc 77, 56, more USM 285 forms and summons [sic], the incomplete service documents he submitted, and a copy of the complaint for service and docket sheet," and the clerk advised Lewis to file two summonses and a service form for each defendant against whom Lewis still had claims pending.  In September 2010, Lewis requested an extension of time to file the completed summonses and service forms, noting that, for reasons that were not clear to him, the court had returned thirteen of the twenty-six completed service documents he had submitted.  The magistrate judge granted another extension until October 14, 2010 and explained in the order that the clerk reported that Lewis had submitted service papers for some persons who had never been named as defendants and that other papers were otherwise deficient.

On November 10, 2010, the magistrate judge recommended that all of the remaining claims be dismissed without prejudice for failure to prosecute because "[t]he October 14, 2010 deadline [to provide the completed forms] passed about one month ago, but Plaintiff has not submitted any service papers for any defendant."   The magistrate judge noted that the service forms were self-explanatory and required only basic information, Lewis had adequate language skills to complete the forms, and the court had attempted to assist Lewis and had given him numerous opportunities over eight months to complete the forms.

Nos. 10-31186, 11-30011

Over Lewis's objection, the district court concurred with the magistrate judge's findings and dismissed all of the remaining claims without prejudice for failure to prosecute.  Lewis filed a timely notice of appeal.  He moved for leave to proceed IFP on appeal, which the district court granted.

## II.  JURISDICTION

Although Lewis does not raise the issue of jurisdiction, Lewis's notice of appeal in Appeal No. 10-31186 was filed before the entry of a final judgment. "[W]e are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006) (internal quotation marks and citation omitted).  Lewis's notice of appeal indicates that he intended to appeal the district court's refusal to certify its decision dismissing half of his claims pursuant to Rule 54(b), and its decision not to stay the action pending Lewis's appeal.  We have jurisdiction over final decisions under 28 U.S.C. § 1291; certain interlocutory decisions under 28 U.S.C. § 1292; partial judgments certified as final pursuant to Federal Rule of Civil Procedure 54(b); and certain decisions under the collateral order doctrine.  *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam).

Although we have not squarely addressed the question of whether a denial of a Rule 54(b) certification motion is immediately appealable, our sister circuits have repeatedly held that the denial of a Rule 54(b) certification is not appealable.  *See, e.g.*, *McCall v. Deeds*, 849 F.2d 1259, 1259 (9th Cir. 1988) ("[T]he denial of Rule 54(b) certification is not appealable."); *Makuc v. Am. Honda Motor Co.*, 692 F.2d 172, 173 (1st Cir. 1982) (finding that the denial of motion for Rule 54(b) judgment is not appealable); *Robert Stigwood Grp., Ltd. v. Hurwitz*, 462 F.2d 910, 913-14 (2d Cir. 1972) (concluding that since the district court refused to certify the dismissal of a complaint against some, but not all, defendants as final, the appellate court had no jurisdiction to review it); *Cruey*

*v. Early*, 396 F. App'x 940, 941 (4th Cir. 2010) (per curiam) (unpublished) (finding that court had no jurisdiction to review dismissal of some claims and denial of Rule 54(b) certification); *Brunswick Bowling & Billiards Corp. v. Mendes, Inc.*, No. 95-2209, 1995 U.S. App. LEXIS 35538 (6th Cir. Nov. 21, 1995) (unpublished order) (finding that an "order denying Rule 54(b) certification is not an appealable order").    Dicta in a prior Fifth Circuit opinion, *Swope v. Columbian Chemicals Co.*, 281 F.3d 185 (5th Cir. 2002), states that the denial of a Rule 54(b) motion is "reviewable for abuse of discretion," without explaining when such a review would take place and under what circumstances. *Id.* at 193. However, *Swope* fails to cite any authority to support this proposition, nor does it cite to the many circuit decisions finding such a ruling not to be appealable. We find it unlikely that this court would create a circuit split without analyzing the issue in detail or mentioning the numerous cases that reach the opposite result; thus, we construe this as a reference to the abuse of discretion standard underlying a petition for writ of mandamus.[2] *In re Volkswagen of America, Inc.* 505 F.3d 304, 310 (5th Cir. 2008)(en banc) ("[M]andamus is entirely appropriate to review for an abuse of discretion that clearly exceeds the bounds of judicial discretion."). We now hold that the denial of a motion for a Rule 54(b) judgment is not appealable by way of interlocutory appeal.

Additionally, even if Lewis could appeal the district court's refusal to certify its decision dismissing half of Lewis's claims, he failed to file the notice of appeal within 30 days after the order he intended to appeal was entered. *See* FED. R. APP. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). The first order denying Lewis's motion for certification was entered on October 14, 2010, and the second order was entered

---

[2]    Lewis has come nowhere near meeting the test for issuance of a writ of mandamus and, in any event, such relief would be moot now that the final judgment has been entered.

Nos. 10-31186, 11-30011

on October 19, 2010.  Because the notice of appeal is dated November 22, 2010, it could not have been deposited in the prison's mail system within thirty days of either order.  *See* FED. R. APP. P. 4(c) (2008) (stating that a prisoner's pro se notice of appeal is deemed timely filed if deposited in the prison's internal mail system on or before the last day for filing).  The time limitation for filing a notice of appeal in a civil case is jurisdictional.  *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).  Thus, we do not have jurisdiction over Appeal No. 10-31186.

In contrast, the court does have jurisdiction over Appeal No. 11-30011 pursuant to 28 U.S.C. § 1291.  Lewis timely filed a notice of appeal after the district court entered a final judgment dismissing the lawsuit.

## III.  DISCUSSION

In Appeal No. 11-30011, Lewis argues that the district court erred by: (1) refusing to stay the action after he filed a "notice of appeal of interlocutory decision"; (2) denying as premature his discovery motions and his motion to serve the defendants; (3) dismissing approximately half of his claims as frivolous or time-barred; and (4) dismissing his remaining claims for failure to prosecute. We address each issue in turn.

A.    <u>Whether the district court erred by: (1) refusing to stay the action after he filed a "notice of appeal of interlocutory decision"; (2) denying as premature his discovery motions and his motion to serve the defendants; and (3) dismissing approximately half of his claims as frivolous or time-barred.</u>

Liberally construing his complaint, Lewis contends that the district court erred by failing to stay the proceedings pending his "interlocutory appeal," delaying his suit by denying as premature his discovery motions and his motion to serve the defendants, and dismissing approximately half of his claims as frivolous or time-barred.  However, Lewis cites no legal authority in support of his allegations.  By failing to address the basis for his challenges, Lewis has waived these arguments on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th

Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (internal quotation marks and citation omitted)); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that failure to identify an error in the district court's analysis is the same as if no appeal were filed).

B.    Whether the district court erroneously dismissed Lewis's remaining claims for failure to prosecute.

Lewis's sole remaining claim is that the district court erroneously dismissed his remaining claims for failure to prosecute. A district court may *sua sponte* dismiss a lawsuit for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Id.* at 1190-91 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

While the district court's dismissal order reflects that Lewis's case was dismissed without prejudice, where the applicable statute of limitations bars further litigation, the district court's dismissal should be reviewed as if the dismissal had been with prejudice. *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (per curiam). The statute of limitations for a § 1983 claim is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Louisiana, the applicable prescriptive period is one year. LA. CIV. CODE ANN. art. 3492. We have also applied Louisiana's statutes regarding the interruption of prescription to determine if a second complaint would be prescribed when the first complaint was dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for failure to timely serve the defendants. *Cruz v. Louisiana*, 528 F.3d 375, 378 (5th Cir. 2008). Louisiana law provides that the pendency of

a suit in a court of competent jurisdiction and venue interrupts prescription. LA. CIV. CODE ANN. art. 3463. However, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial." *Id.* Here, because Lewis's claims that survived the district court's dismissal order would be barred by prescription should he attempt to refile this lawsuit, we treat the dismissal without prejudice as a dismissal with prejudice. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further. *Id.*; *Gray*, 634 F.2d at 227. Consequently, district courts have limited discretion to dismiss a claim with prejudice, and such a dismissal is inappropriate unless the history of the case indicates both: (1) "a clear record of purposeful delay or contumacious conduct by the plaintiff"; and (2) that the interests of justice would not be better served by lesser sanctions. *Millan*, 546 F.3d at 326 (internal quotation marks and citation omitted); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). In addition, when affirming dismissals with prejudice, we have usually found at least one of three aggravating factors: (1) the extent to which the plaintiff, not his attorney, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was caused by intentional conduct. *Millan*, 546 F.3d at 326. We review an involuntary dismissal with prejudice for failure to prosecute or to obey court orders for an abuse of discretion. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam).

    *1.    Clear Record of Purposeful Delay or Contumacious Conduct*

We have recognized that a delay warranting dismissal with prejudice must be longer than a few months [and] is usually characterized by "'significant

periods of total inactivity.'" *Millan*, 546 F.3d at 326-27 (citation omitted); *see also John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987). In fact, dismissals with prejudice have generally been reserved for "'egregious and sometimes outrageous delays.'" *Millan*, 546 F.3d at 327 (citation omitted). We have generally held that the district court abuses its discretion when it dismisses a case with prejudice where the plaintiff "fail[s] only to comply with a few court orders." *Berry*, 975 F.2d at 1192 n.6 (citing cases). "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (internal quotation marks and citation omitted).

The record demonstrates that the district court did not abuse its discretion in dismissing Lewis's remaining claims. Lewis repeatedly asked the court for extensions, modifications of its orders requiring him to file certain documents, and explanations of its orders. The initial order requiring him to file two completed summonses for *each* defendant and one copy of the complaint was issued on February 22, 2010. Just three days later, Lewis asked the court to waive its requirement that he file these documents, which the court promptly denied, noting that "Plaintiff is directed to timely comply with the Memorandum Order." Lewis asked the court for certain documents *three times*—March 15, August 11, and August 31, 2010. Each time, the court acceded to his requests. While some of the delays were those of the court in responding, Lewis's repeated requests for more time were granted. However, instead of using the additional time to prepare the summons documents requested by the court, Lewis used the time to pursue frivolous appeals and motions. The third time that Lewis requested additional documents, the court warned that "[i]f Plaintiff does not timely submit service papers with respect to any defendant, the court will construe that as a voluntary dismissal of that defendant."

Several days after the order containing this warning was issued, the docket indicates that the clerk sent Lewis a copy of the court's September 3, 2010 order, a copy of the complaint and the docket sheet, and more USM 285 forms and summonses. The Clerk also highlighted the defendants for whom Lewis needed to complete service documents. On September 14, 2010, Lewis moved for an extension of time and asked the court to clarify "what the USM 285 forms and completed summons [sic] are lacking." In this motion, Lewis alleges that he sent twenty-six completed summonses to the clerk's office, but when the clerk returned the forms to him for completion, it only sent thirteen of the twenty-six forms.[3]

The court granted the motion and extended the time for filing the summonses until October 14, 2010. The court noted that the "Clerk highlighted for Plaintiff those defendants for whom he had not submitted proper service papers. Thus, completion of the service papers should be a simple task for Plaintiff." The court again warned Lewis that if he failed to timely submit service papers, "the court will construe that as a voluntary dismissal of that defendant."

On November 10, 2010, the magistrate judge recommended that Lewis's lawsuit be dismissed for failure to prosecute, on the grounds that he had been given numerous opportunities to comply with the court's order to file adequate service documents, but he failed to do so. The magistrate judge noted that the forms in question were "routinely completed" by other inmates in a thirty-day period and sought only basic information for each defendant, such as name and

---

[3] Lewis does not identify the thirteen defendants for whom he asserts he submitted completed summonses and service forms, nor does he assert that he resubmitted the forms after the clerk returned them to him. Additionally, the exhibits Lewis submitted to this court in support of his argument contain a date of February 22, 2011—several months after final judgment in this case—and reflect some defendants who had been dismissed from the suit while failing to fill out summonses for some of the defendants who remained.

address.  Lewis objected, apparently taking issue with the prior dismissal of half of the defendants from the case.  The district judge overruled Lewis's objections and adopted the magistrate judge's decision dismissing Lewis's suit.

The record clearly shows that Lewis sought and was granted multiple extensions of time to file his service documents, and he missed the October 14, 2010 deadline while he continued to challenge the dismissal of half of the defendants, despite the district court's refusal to reinstate those defendants and its refusal to certify an interlocutory appeal from the court's previous dismissal of the claims against various defendants.  The magistrate judge rejected Lewis's attempt to circumvent its order, acceded to Lewis's multiple requests for various documents, clearly instructed Lewis to file service documents for each of the remaining defendants, and *twice* warned Lewis that failure to do so would be construed as a voluntary dismissal of such defendant.

Whatever his motivations, Lewis ignored the repeated admonitions of the court and used the intervening time to pursue a frivolous interlocutory appeal and a stay of the district court proceedings, to no avail.  Although this is a close case given the relatively short period of delay, we cannot find an abuse of discretion in the district court's implicit conclusion that Lewis's continuing failure to submit the proper service document for the remaining defendants and his persistence in submitting documents for already-dismissed and unnamed defendants transcends mere negligence.  Despite two warnings that failure to timely and properly provide these documents would result in dismissal of those defendants, Lewis still had not filed these documents by November—approximately one month past the deadline set by the court.  This indicates that the district court did not abuse its discretion in dismissing Lewis's suit.

*2.    Futility of Lesser Sanctions*

Lesser sanctions include "assessments of fines, costs, or damages against the plaintiff . . ., conditional dismissal, dismissal without prejudice, and explicit warnings." *See Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). Because Lewis was proceeding IFP, any monetary sanctions would have been fruitless. However, the record clearly shows that the magistrate judge granted numerous continuances and explicitly warned Lewis several times that his failure to submit the appropriate summonses and service forms for the remaining defendants would result in voluntary dismissals of those defendants. *See Callip*, 757 F.2d at 1521-22 (noting that where the district court repeatedly warned of the possibility of dismissal, it was not necessary for the court to consider other, lesser sanctions). It is clear that despite the amount of time Lewis was given and despite warnings that his suit would be dismissed, Lewis did not comply with the court's order. He has not articulated any untried "lesser sanction" that would have been effective. Therefore, we conclude that the district court did not abuse its discretion in dismissing Lewis's lawsuit.

## IV.  CONCLUSION

For the reasons stated above, we DISMISS Appeal No. 10-31186 for lack of jurisdiction, and we AFFIRM the district court's judgment in Appeal No. 11-30011.  Because we conclude that the district court did not err in dismissing Lewis's lawsuit, we DENY Lewis's motion to remand the case to the district court and his motion for reimbursement of costs and fees.