# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2022

Lyle W. Cayce
Clerk

No. 21-10129

Angie Waller; Chris Waller,

*Plaintiffs—Appellees*,

Terry Wayne Springer; Gayla Wynell Kimbrough,

*Intervenor Plaintiffs—Appellees*,

*versus*

Richard Hoeppner,

*Defendant—Appellant*,

consolidated with

No. 21-10457

Angie Waller; Chris Waller,

*Plaintiffs—Appellants*,

Terry Wayne Springer; Gayla Wynell Kimbrough,

*Intervenor Plaintiffs—Appellants*,

*versus*

No. 21-10129
c/w Nos. 21-10457, 21-10458

Richard Hoeppner,

*Defendant—Appellee*,

consolidated with

—————

No. 21-10458

—————

Angie Waller; Chris Waller,

*Plaintiffs—Appellants*,

Terry Wayne Springer; Gayla Wynell Kimbrough,

*Intervenor Plaintiffs—Appellants*,

*versus*

City of Fort Worth Texas,

*Defendant—Appellee*.

————————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-670

————————————————

Before Richman, *Chief Judge*, and Clement and Engelhardt,
*Circuit Judges*.

Per Curiam:*

————————————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

No. 21-10129
c/w Nos. 21-10457, 21-10458

Defendant-police officer Richard Hoeppner shot and killed Jerry Waller. Waller's family (Plaintiffs) sued Hoeppner and the City of Fort Worth alleging excessive force and municipal liability. The district court denied Hoeppner's motion for summary judgment, in which he asserted qualified immunity but granted the City's motion for summary judgment concluding that it was not liable under *Monell v. Department of Social Services of the City of New York*.[1] Hoeppner and Plaintiffs appeal those determinations. Plaintiffs also appeal an independent Fourth Amendment claim. We affirm the district court's summary judgment orders on qualified immunity and municipal liability and dismiss the appeal as to the independent Fourth Amendment claim for lack of jurisdiction.

**I**

Around 1:00 a.m. on May 28, 2013, the Fort Worth Police Department dispatched officers Richard A. Hoeppner and Benjamin Hanlon in response to a potential burglary. Hoeppner and Hanlon were both rookies in their initial probationary year with the department. The call came across as an active residential burglary alarm. As they neared the call location, they turned off their vehicle's lights and parked in front of a neighboring home. Not realizing that even-numbered houses on are one side of the street and odd-numbered houses are on the other side, they went to the wrong house and walked around Waller's home. They scanned the perimeter of the home with their flashlights, and the Wallers' small dogs began barking inside the home. This awoke Jerry Waller. While Hanlon went around to the front of the house, Hoeppner stayed in the driveway and saw Waller enter the garage. Waller was carrying a gun. Hoeppner approached Waller with his gun aimed at him and shined his flashlight in Waller's eyes. Hoeppner repeatedly yelled

---

[1] 436 U.S. 658 (1978).

No. 21-10129
c/w Nos. 21-10457, 21-10458

"drop the gun." Hanlon heard the yelling, ran back to the driveway, and identified the officers as "Fort Worth Police!" or "Fort Worth PD!" Waller placed the gun on the trunk of the vehicle parked in the garage. What happened next is in dispute.

Waller was shot six times by Hoeppner. According to Plaintiffs and contrary to Hoeppner's account, Waller remained unarmed when he was shot. Plaintiffs emphasize that the officers have materially conflicting accounts of what happened. Hoeppner claims that he opened fire from a distance of seven yards, while Hanlon claims that Waller was shot at a distance of two or three feet. Hanlon claims that Waller had the gun in his left hand throughout the shooting until he fell on the gun, while Hoeppner claims Waller had the gun in both hands and never dropped it.

The medical examiner noted seven gunshot wounds from the six shots fired. Hoeppner shot Waller in the torso and through the outside of the left thumb and through the first and second fingers. Plaintiffs contend that the shot to the left hand, together with the direction of the shots to the torso, are consistent with Waller being shot while standing upright with his hands shading his eyes with the left hand in front of the right. The small handgun had no damage suggesting it was not held in the left hand or in both hands. They contend that the gunshot wounds to the fingers, a blood spatter pattern on the left side of Waller's face, and an unsmeared blood spatter on his right hand, all of which are shown in crime scene and autopsy photographs, demonstrate that Waller was unarmed when he was shot.

Plaintiffs sued the City of Fort Worth and Officer Hoeppner as well as various other defendants, but the latter defendants are no longer parties to the litigation. Plaintiffs brought a wrongful death and declaratory judgment action under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution, and under similar provisions of the Texas

4

No. 21-10129
c/w Nos. 21-10457, 21-10458

Constitution.  The parties filed a number of motions and amended pleadings, and, in the process, Plaintiffs dismissed various claims.  The court stayed discovery and scheduled qualified immunity for prompt consideration.  All individual defendants filed dispositive motions.

In April 2018, JUDGE MEANS issued two orders, resolving all dispositive motions.  The court stated that "any claims that were intended to be brought by Plaintiffs against any defendant, but that the Court has not addressed . . . should be and hereby are dismissed."  As to Hoeppner's motion for judgment on the pleadings based on qualified immunity, the court determined that taking Plaintiffs' allegations as true, Waller posed no immediate threat, and the motion should be denied.  This court affirmed that order.[2]

On remand, the case was transferred to JUDGE PITTMAN.  After conducting discovery, the City of Fort Worth and Hoeppner moved for summary judgment.  Plaintiffs responded to these motions claiming that Hoeppner had also trespassed upon the curtilage of the Waller home, invading their privacy in violation of the Fourth Amendment.  In January 2021, the district court denied Hoeppner's motion and granted the City's.

In ruling on the motions, the district court denied Plaintiffs' alleged illegal search claim as not being properly pled.  Plaintiffs filed a motion to reconsider, which the district court denied.  The district court noted that to the extent any mention of the claim can be found in the pleadings, it was couched in state law, not constitutional terms, and even if the complaint does contain this claim, it was dismissed in April 2018 by JUDGE MEANS.  At Plaintiffs' request, the district court certified the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  This court denied the petition.

---

[2] *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019).

No. 21-10129
c/w Nos. 21-10457, 21-10458

Plaintiffs then requested the district court issue judgment on the unpleaded claims pursuant to Rule 54(b). The district court denied this request stating that it cannot adjudicate claims it has not considered.

Hoeppner appealed the denial of his summary judgment motion. In April 2021, Plaintiffs filed two separate notices of appeal—one which stems from the grant of summary judgment as to the City and one which appears to stem from the observations made by the district court as to their illegal search claim and from the district court's denial of their motion for Rule 54(b) final judgment. We consolidated the three appeals.

## II

The first issue concerns the district court's denial of Hoeppner's motion for summary judgment based on qualified immunity. Because the district court concluded that there was a genuine dispute of material fact, we do not have jurisdiction to challenge that determination.

"We review *de novo* a district court's denial of a motion for summary judgment on the basis of qualified immunity."[3] "A denial of a motion for summary judgment on the issue of qualified immunity is immediately appealable, to the extent that the district court's order turns on an issue of law."[4] Qualified immunity insulates public officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[5] Neither party makes an argument regarding whether a right at issue was "clearly established" at the time of the conduct; the only question is whether

---

[3] *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

[4] *Id.*

[5] *Id.* at 213 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

No. 21-10129
c/w Nos. 21-10457, 21-10458

Hoeppner violated Waller's constitutional rights under the Fourth Amendment's reasonableness standard.

When a § 1983 defendant pleads a qualified immunity defense, the plaintiff then bears the burden to show that qualified immunity is not available.[6]  "On appeal, we ask 'the purely legal question whether the defendants are entitled to qualified immunity on the facts that the district court found sufficiently supported in the summary judgment record.'"[7] "Where the district court finds that the summary judgment record presents a genuine dispute of material fact, we do not challenge its determination of 'whether there is enough evidence in the record for a jury to conclude that certain facts are true.'"[8]

In this case, the district court determined that the pretrial record set forth a "genuine" issue of fact for trial:[9] whether Waller was unarmed when he was shot.[10]  This court's jurisdiction "does not extend to the district

---

[6] *See Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997).

[7] *Dean v. Phatak*, 911 F.3d 286, 290 (5th Cir. 2018) (citation omitted); *see also Kovacic*, 628 F.3d at 211 ("A denial of a motion for summary judgment on the issue of qualified immunity is immediately appealable, to the extent that the district court's order turns on an issue of law.").

[8] *Dean*, 911 F.3d at 290 (quoting *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004)); *see also Waller v. Hanlon*, 922 F.3d 590, 598 (5th Cir. 2019) (quoting *Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013)) ("In hearing an appeal from an order denying summary judgment on qualified-immunity grounds, we have jurisdiction to 'review the materiality of any factual disputes, but not their genuineness.'").

[9] *See Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").

[10] *Cf. Snyder v. Trepagnier*, 142 F.3d 791, 800 (5th Cir. 1998) (concluding that important issues of material fact related to immunity existed and, specifically, "the jury needed to determine what sequence of events occurred, and, in particular, whether [the plaintiff] had a gun—or, if he did not actually have a gun, whether [the defendant] reasonably believed he did"); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir.

court's . . . determination that a genuine issue of fact exists as to whether appellant engaged in a 'course of conduct' that is 'objectively unreasonable.'"[11] We do have jurisdiction to determine *materiality*,[12] but the disputed facts here are indeed "material" to the ultimate legal question. Whether Waller was armed when he was shot goes to the heart of whether his constitutional rights were violated.[13] We therefore affirm the district court's order denying summary judgment.

## III

The second issue concerns the district court's grant of the City's motion for summary judgment. Because Plaintiffs cannot raise a genuine dispute of material fact, summary judgment was proper.

We review a district court's grant of summary judgment *de novo*.[14] "Summary judgment is appropriate only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

---

2009) ("[T]he existing evidence raises unresolved questions about what occurred. We therefore hold that the evidence creates a genuine issue of material fact. . . .").

[11] *Juarez v. Aguilar*, 666 F.3d 325, 331 (5th Cir. 2011) (quoting *Kinney*, 367 F.3d at 346-47).

[12] *Bazan*, 246 F.3d at 490 ("[W]e have jurisdiction for this interlocutory appeal *if* it challenges the *materiality* of factual issues, but lack jurisdiction *if* it challenges the district court's *genuineness* ruling . . . .").

[13] *See id.* at 489 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) ("A fact is '*material*' if it '*might affect* the outcome of the suit under the governing law.'"); *see also id.* at 493 ("[B]ecause these factual issues control the outcome of the case (*are material*), we lack jurisdiction to consider the propriety of the summary judgment denial."); *Waller*, 922 F.3d at 599 ("[T]he sole question is whether . . . Waller was unarmed when Hoeppner shot him.").

[14] *Peterson*, 588 F.3d at 844.

issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"[15]

The "two fundamental requirements for holding a city liable under § 1983 for inadequate hiring and training policies" are causation and culpability.[16]  The municipal policy must have been the "moving force" behind the constitutional violation and the municipality must have adopted the policy with "deliberate indifference" to its "known or obvious consequences."[17]  We have consistently "demanded a high standard of proof before imposing *Monell* liability on a municipality."[18]  Plaintiffs allege four theories of liability under *Monell*: (1) illegal entry onto the curtilage; (2) failure to identify as an officer; (3) failure to verify address; and (4) failure of supervision of rookie officers on the night shift.  Because Plaintiffs' theories fail on causation, we need not address deliberate indifference.

The City is correct that "any of the officers' actions leading up to the shooting are not relevant for the purposes of an excessive force inquiry in this Circuit."[19]  This means that a city policy or custom had to directly influence the use of excessive force during the crucial forty-four seconds of the shooting.  Plaintiffs allege policies or customs that relate to the series of events that precede that time frame.[20]  We agree with the district court that,

---

[15] *Id.* (quoting FED. R. CIV. P. 56(c)).

[16] *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998).

[17] *Id.*

[18] *Id.* at 796.

[19] *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014).

[20] *See Rockwell v. Brown*, 664 F.3d 985, 992 (5th Cir. 2011) ("[The plaintiffs] urge this Court to examine the circumstances surrounding the forced entry, which may have led to the fatal shooting . . . . This argument is unavailing.").

No. 21-10129
c/w Nos. 21-10457, 21-10458

"[t]hese policies may be 'but for' causes, but they are not the moving force behind Hoeppner's use of force."

As for the failure to identify theory, the City and district court emphasize that there is "undisputed evidence that Hanlon did verbally identify as police." The policy is also likely premised on achieving cooperation and, according to Plaintiffs, Waller did put his gun down. The policy, therefore, achieved its goal and even if Hoeppner had also verbally identified himself, the outcome would not have changed. All of Plaintiffs' theories fail on the causation prong. The district court's order granting summary judgment to the City is affirmed.

## IV

The last issue concerns an alleged illegal search claim. Plaintiffs appear to appeal this claim from one of three sources: (1) the April 2018 dismissal by JUDGE MEANS; (2) the January 2021 summary judgment order; or (3) the April 2021 denial of their Rule 54(b) motion. Under any of the three, we do not have jurisdiction.

"A threshold question implicit in every case that comes before us is whether we have appellate jurisdiction."[21] "This court must examine the basis of its jurisdiction sua sponte."[22]

Any independent Fourth Amendment claim was dismissed in April 2018 by JUDGE MEANS in his order resolving all dispositive motions. The court stated in its order that "any claims that were intended to be brought by Plaintiffs against any defendant, but that the Court has not addressed . . . should be and hereby are dismissed." From this order,

---

[21] *Wilkens v. Johnson*, 238 F.3d 328, 329-30 (5th Cir. 2001).

[22] *Rivera v. Salazar*, 166 F. App'x 704, 705 (5th Cir. 2005) (unpublished).

No. 21-10129
c/w Nos. 21-10457, 21-10458

Plaintiffs failed to timely appeal any claims other than the excessive-force claim. As to the January 2021 summary judgment order, even if Plaintiffs could have taken an interlocutory appeal from this order, it would have had to be perfected within thirty days,[23] and this appeal was not.

Finally, Plaintiffs could not appeal the district court's denial of their Rule 54(b) motion, because courts of appeal do not have jurisdiction over such denials. We have held "that the denial of a motion for a Rule 54(b) judgment is not appealable by way of interlocutory appeal."[24] "[O]ur sister circuits have [also] repeatedly held that the denial of a Rule 54(b) certification is not appealable."[25] Accordingly, we dismiss Plaintiffs' Fourth Amendment claim for lack of jurisdiction.

\*     \*     \*

The district court's rulings on the motions for summary judgment are AFFIRMED and the independent Fourth Amendment claim is DISMISSED for lack of jurisdiction.

---

[23] *See Kenyatta v. Moore*, 744 F.2d 1179, 1186 (5th Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985) (quoting 9 J. Moore, B. Ward, J. Lucas, Moore's Federal Practice ¶ 110.21) ("The procedure for taking an appeal from an interlocutory order that is appealable as of right is precisely the same as that for taking an appeal from a final judgment."); Fed. R. App. P. 4(a)(1) ( "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

[24] *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 814 (5th Cir. 2012) (unpublished).

[25] *Id.*