**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2794, 23-2876
_____


In re: PET GIFTS USA, LLC,
Petitioner 23-2794


PET GIFTS USA, LLC,
Appellant 23-2876

v.

IMAGINE THIS COMPANY LLC, TWELVE INC,
BEVERLY MOSS, MICHAEL MOSS

_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No. 3:14-cv-03884)
District Court Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2025


(Filed: February 20, 2025)

Before:  CHAGARES, *Chief Judge*, BIBAS and RENDELL, *Circuit Judges*.

———————

OPINION[*]

———————

**RENDELL**, *Circuit Judge*.

Appellant Pet Gifts USA, LLC challenges the District Court's refusal to direct entry of final judgment under Federal Rule of Civil Procedure 54(b). But without a final judgment, we lack jurisdiction over this appeal. And because Appellant has not shown a "clear abuse of discretion or clear error of law," *United States v. Wright*, 776 F.3d 134, 146 (3d Cir. 2015), we will deny its mandamus petition.

I.

Appellant sued Appellees Imagine This Company, LLC, Twelve Inc, and Beverly and Michael Moss in May 2014 for state-law causes of action related to Appellees' manufacture of pet-themed car decal magnets. In essence, Appellant accused Appellees of stealing Appellant's designs. Appellees counterclaimed that the designs were theirs and Appellant's accusations defamed them.

The District Court dismissed most of Appellant's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, then granted summary judgment to Appellees on the remainder. It declined Appellant's request to convert its ruling to a "final judgment" under Federal Rule of Civil Procedure 54(b), which would have allowed Appellant to take an immediate appeal. The parties then prepared for trial on Appellees' counterclaims.

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Shortly before trial, the parties reached an agreement under which Appellees' counterclaims would be dismissed "without prejudice" but could be refiled after "final resolution of [an] Appeal, whether resolved by withdrawal, dismissal, affirmance or reversal." Appx 305. The agreement also stipulated that the statute of limitations would "not run" in the interim. Appx 305-06. The stated purpose of this arrangement was to permit "an immediate appeal." Appx 305. The District Court approved the agreement and closed the case.

Appellant then filed its first appeal from the District Court's orders dismissing and granting summary judgment on its claims, and Appellees cross-appealed on a fees issue. Because Appellees' counterclaims had been dismissed without prejudice and could be refiled, a prior panel of this Court ruled that there was no final order of the District Court and dismissed both appeals for lack of jurisdiction. The order stated that dismissal was "without prejudice to any party's opportunity to reapply to the District Court for a determination and direction under Fed. R. Civ. P. 54(b)," but expressed "no opinion as to whether the determination and direction should be made, this being a matter within the discretion of the District Court." *Pet Gifts USA, LLC v. Imagine This Co., LLC*, Nos. 19-1312, 19-2892, 2021 WL 3878387, at *1 (3d Cir. May 27, 2021).

For the next six months, no request under Rule 54(b) was made, and no further activity occurred in the District Court. Appellant then filed a motion to "Dismiss [Appellees'] Counterclaim[s] with Prejudice for Lack of Prosecution." Dist. Ct. ECF No. 160 at 1. The motion did not contain a request for entry of final judgment under Rule 54(b), although Appellant insisted at a subsequent conference that such a request was

3

"included." Tr. Sept. 21, 2022, p. 9. The District Court denied the motion because "there [was] no actively pending claim for the Court to dismiss." *Id.* at 18. It further stated that a request for entry of final judgment under Rule 54(b) would have been "more apt," but such a request had not been made. *Id.*

Three months later, Appellant made the request for entry of final judgment under Rule 54(b). The District Court denied it on the grounds that: (1) piecemeal appeals of the claims and counterclaims would be inefficient; (2) Appellant had unreasonably delayed in presenting the request; and (3) the lawsuit was by then more than six years old.

Appellant now seeks review of the District Court's denial of its request for entry of final judgment under Rule 54(b). Appellant has filed both a direct appeal from that decision and a petition for a writ of mandamus.

II.

A.

Other than in limited circumstances, an appeal may only be taken from a "final decision[]." 28 U.S.C. § 1291. To be final, a decision must "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988). An order that leaves some claims dismissed without prejudice to being refiled is "[o]rdinarily" not a final decision. *Doe v. Hesketh*, 828 F.3d 159, 164 (3d Cir. 2016). Exceptions to this general rule are "where a claim dismissed without prejudice cannot be re-filed" due to the statute of limitations having run, or where a claimant "renounces any intention to reinstate litigation on a claim dismissed without prejudice." *Id.* Neither exception is applicable

4

here. Thus, as we held in the previous appeal filed in this case, the order dismissing Appellees' counterclaims without prejudice is not reviewable absent the District Court directing entry of final judgment under Rule 54(b). *See Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 440 (3d Cir. 2003). Had the District Court entered such a final judgment, we would have jurisdiction over an appeal. But a district court's refusal to make that certification under Rule 54(b) is by definition not final and therefore not appealable. *Makuc v. Am. Honda Motor Co.*, 692 F.2d 172, 173 (1st Cir. 1982); *see also Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702 (3d Cir. 1988).

Appellant also asks us to take this appeal under 28 U.S.C. § 1292(b), which allows district courts to certify some orders for interlocutory review. But that provision is inapplicable because the District Court has not entered such a certification, and, without it, "we do not have authority to hear a question pursuant to § 1292(b)." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988).

For these reasons, we lack jurisdiction over Appellant's appeal.

B.

Appellant alternatively asks for a writ of mandamus requiring the District Court to direct entry of final judgment under Rule 54(b). Mandamus "relief, however, is extraordinary, and is appropriate only upon a showing of (1) a clear abuse of discretion or clear error of law; (2) a lack of an alternate avenue for adequate relief; and (3) a likelihood of irreparable injury." *Wright*, 776 F.3d at 146.

Appellant has not met that high bar. Decisions under Rule 54(b) are committed to the discretion of the District Court. *Fed. Home Loan*, 316 F.3d at 440. Relevant factors

5

include, but are not limited to, "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

It was not a clear abuse of discretion for the District Court to view entry of final judgment under Rule 54(b) as inappropriate, given that Appellees' counterclaims were mirror images of Appellant's primary claims. Both asserted original ownership of the magnets' designs, meaning separate appeals would have to confront that "same issue[]." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Appellant urges it was wrong for the District Court to base its decision, in part, on the long delay between the dismissal of the prior appeal and Appellant's eventual request for a Rule 54(b) order. We disagree. We have allowed district courts to base Rule 54(b) decisions on any relevant "miscellaneous factors," including "delay." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006). Given the prior panel's express suggestion that Appellant seek entry of judgment under Rule 54(b), it was not a clear abuse of discretion for the District Court to take account of Appellant's long delay in doing so. *See Schaeffer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 235 (7th Cir. 1972) (refusing Rule 54(b) order for party's "lack of diligence" in seeking it).

Lastly, Appellant complains it is in a "finality trap" where no appeal is possible. Appellant's Br. 6. Assuming this to be true, and given the unique facts of this case, we do not find it a sufficient basis for the extraordinary remedy of mandamus. Appellant

6

challenges only the District Court's Rule 54(b) determination, and that decision was not clearly unreasonable. We need not opine on all the steps that led to Appellant's predicament or who should be blamed for each. It suffices to observe that the District Court was not clearly mistaken in viewing Appellant as sharing some responsibility. Accordingly, the high bar for mandamus relief has not been met.

## III.

For these reasons, we will dismiss the appeal for lack of jurisdiction and deny the mandamus petition.